**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS FOSKARIS, | No. 18-16480 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00506-KJD-PAL |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted February 12, 2020
San Francisco, California

Before: GOULD and MURGUIA, Circuit Judges, and FEINERMAN,** District Judge.

Plaintiff-Appellant Thomas Foskaris ("Foskaris") appeals the district court's

dismissal of his claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.

§§ 1681e(a), 1681g(a)(1), and denial of leave to amend his complaint. We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Gary Feinerman, United States District Judge for the Northern District of Illinois, sitting by designation.

jurisdiction under 28 U.S.C. § 1291 and affirm.

Foskaris filed a class action complaint against Defendant-Appellee Experian Information Solutions, Inc. ("Experian") on behalf of two putative classes of consumers who submitted fraud alerts to Experian and to whom Experian in turn sent consumer disclosures that were purportedly deficient. Specifically, Foskaris alleged that Experian failed to include in its consumer disclosures the "permissible purpose" behind each soft credit inquiry listed on the disclosures. The district court granted judgment on the pleadings in favor of Experian, dismissed Foskaris's claims with prejudice, and denied Foskaris leave to amend his complaint.

On appeal, Experian argues for the first time that Foskaris lacks standing to bring these claims. We are required to consider Experian's argument because it implicates our jurisdiction. *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1085 (9th Cir. 2003). In the alternative, Experian argues on the merits that the district court properly dismissed the claims and denied Foskaris's request for leave to amend.

We review de novo whether Foskaris has standing and whether the district court properly granted Experian's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *Yakima Valley Mem'l Hosp. v. Wash. State Dep't of Health*, 654 F.3d 919, 925 (9th Cir. 2011). "The district court's denial of leave to amend the complaint is reviewed for an abuse of discretion." *Cervantes v.*

2

*Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

1.    Foskaris argues that he has standing to bring his claim under 15 U.S.C. § 1681g(a)(1) because he suffered an "informational injury," which in turn confused him, caused him "out-of-pocket expenses" and "lost time," and "gave him an inadequate basis to determine why Experian had disclosed his credit to others." We have adopted a two-part test for evaluating whether a plaintiff suffered an injury-in-fact under the FCRA: "(1) whether the statutory provisions at issue were established to protect [the plaintiff's] concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged . . . actually harm, or present a material risk of harm to, such interests." *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017). Section 1681g(a)(1) protects Foskaris's "concrete interest in accessing important information" about his credit. *See Ramirez v. TransUnion LLC*, 951 F.3d 1008, 1029 (9th Cir. 2020); *see also Fed. Election Comm'n v. Akins*, 524 U.S. 11, 21 (1998) ("The 'injury in fact' that respondents have suffered consists of their inability to obtain information . . . that, on respondents' view of the law, the statute requires that [an entity] make public."). Foskaris sufficiently pleaded that he suffered a material risk of harm to such interest when he alleged that he was confused by the lack of information and was unable to monitor Experian's disclosure of his credit information to third parties without the information. *See Ramirez*, 951 F.3d at 1029–30. Therefore,

Foskaris has standing to bring his claim under 15 U.S.C. § 1681g(a)(1).

2.      The district court properly dismissed Foskaris's claim under 15 U.S.C. § 1681g(a)(1) on the merits because the FCRA does not require Experian to disclose soft credit inquiry information to Foskaris.  Section 1681g(a)(1) requires a credit reporting agency to disclose to a consumer "[a]ll information in the consumer's file at the time of the request."  15 U.S.C. § 1681g(a)(1). "[C]onsumer[] file" does not include all information recorded and retained by Experian about Foskaris; it includes only information "that might be furnished, or has been furnished, in a consumer report on [Foskaris]."  *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 759 (9th Cir. 2018) (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 711–12 (3d Cir. 2010)).  Foskaris's claim fails because he failed to allege that the soft credit inquiry information that he wanted Experian to disclose to him "might be furnished, or has been furnished, in a consumer report."  *Id.*  We therefore affirm the district court's dismissal of this claim.

3.      Foskaris also argues that the district court erred in dismissing his claim under 15 U.S.C. § 1681e(a) because he properly pleaded that Experian disclosed his credit information to Kohl's for an impermissible purpose.  We agree with Experian that Foskaris waived this claim.  Foskaris's arguments below regarding his claim under § 1681e(a) centered on an entirely different factual predicate.  He argued that dismissal was not warranted because he sufficiently

4

pleaded that Experian violated § 1681e(a) by failing to provide certain information in the consumer disclosures *to him*.[1] The district court then found that § 1681e(a) does not implicate consumer disclosure requirements and dismissed the claim. On appeal, Foskaris seeks to completely change the theory of his claim. Because Foskaris did not sufficiently raise his claim before the district court, his claim is waived. *See In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1007 (9th Cir. 2008).

4.    The district court did not abuse its discretion in denying Foskaris leave to amend his complaint. Foskaris failed to attach a proposed amended complaint in violation of the local rules and, more significantly, did not otherwise explain why the amendment would not be futile; instead, he merely noted that discovery remained ongoing. Generally, courts must freely grant leave to amend "when justice so requires," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (citing Fed. R. Civ. P. 15(a)), and "[d]ismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment," *id.* at 1052. It is not the court's duty, however, to peruse the record to formulate the parties'

---

[1] Foskaris does not appeal the district court's dismissal of his § 1681e(a) claim insofar as it was based on these allegations. *See Aramark Facility Servs. v. Serv. Emps. Int'l Union, Local 1877*, 530 F.3d 817, 824 n.2 (9th Cir. 2008) (noting that a party waives an argument by failing to adequately brief it).

arguments. *See Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 488 (9th Cir. 2010) ("Judges are not like pigs, hunting for truffles buried in briefs." (quoting *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994))). Even now on appeal, Foskaris continues to fail to explain how he would cure the deficiencies in his pleading. *Cf. Eminence Capital, LLC*, 316 F.3d at 1053 (reversing district court's dismissal with prejudice, where plaintiffs identified a special committee report that would aid them in adding allegations in support of their securities fraud claim). We therefore conclude that the district court did not abuse its discretion in denying Foskaris leave to amend his complaint.

5. We grant Experian's motion to strike the extra-record materials submitted by Foskaris for the first time on appeal, Doc. 25, and deny Foskaris's request to take judicial notice of such records. Foskaris failed to show that consideration of these records is necessary to prevent "a miscarriage of justice." *Bolker v. Comm'r of Internal Revenue*, 760 F.2d 1039, 1042 (9th Cir. 1985) (noting that the court can consider matters first raised on appeal "in the 'exceptional' case in which review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process." (quoting *United States v. Greger*, 716 F.2d 1275, 1277 (9th Cir. 1983))).

**AFFIRMED**.